**[ORAL ARGUMENT NOT YET SCHEDULED]**

**No. 15-5267**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

MUSTAFA AHMED ADAM AL-HAWSAWI,

Appellant,

v.

BARACK H. OBAMA, ET AL.,

Appellees.

---

On Appeal from the United States District Court
for the District of Columbia

---

**PUBLIC BRIEF FOR APPELLEES**

---

BENJAMIN C. MIZER
  *Principal Deputy Assistant Attorney
  General*

DOUGLAS N. LETTER
MATTHEW M. COLLETTE
SONIA K. McNEIL
  *Attorneys, Appellate Staff
  Civil Division, Room 7234
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 616-8209*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

### A.    Parties and Amici

The appellant is Mustafa Ahmed Adam Al-Hawsawi, a Guantanamo Bay detainee also identified by Internment Serial Number (ISN) 10011.  The appellees are Barack Obama, in his official capacity as President of the United States; Ashton B. Carter, in his official capacity as Secretary of Defense; Brigadier General Jose R. Monteagudo, in his official capacity as Commander of the Joint Task Force Guantanamo (JTF-GTMO); Colonel David E. Heath, in his official capacity as Commander of the Joint Detention Operations Group, JTF-GTMO; and John Doe, in his official capacity as Commander of Detention Camp 7, JTF-GTMO.

There are no amici.

### B.    Rulings Under Review

Al-Hawsawi seeks review of the district court's order dismissing this action for lack of subject-matter jurisdiction under 28 U.S.C. § 2241(e)(2), which limits the courts' jurisdiction to hear certain claims by an alien who the United States has determined is "properly detained as an enemy combatant."  *See* JA2-4.  The district court also denied as moot Al-Hawsawi's motion for a preliminary injunction to halt his ongoing military commission proceedings.  *See ibid.*

**C. Proceedings in This Court**

On October 9, 2015, Al-Hawsawi filed an emergency motion asking this Court to enjoin his ongoing military commission proceedings for the duration of his appeal. The government opposed his motion. The Court denied Al-Hawsawi's request on October 16, 2015. *See Al-Hawsawi v. Obama*, No. 15-5267 (D.C. Cir. Oct. 16, 2015).

**D.     Related Cases**

This case has not previously been before this Court. Counsel for appellees are not aware of any related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

Respectfully submitted,

*/s/ Sonia K. McNeil*
SONIA K. McNEIL

# TABLE OF CONTENTS

**Page(s)**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

GLOSSARY

INTRODUCTION ...............................................................................................................1

STATEMENT OF JURISDICTION ..................................................................................2

STATEMENT OF THE ISSUE...........................................................................................3

PERTINENT STATUTES ...................................................................................................3

STATEMENT OF THE CASE............................................................................................3

    A. The Military Commissions Act............................................................................3

    B. The Military Commission Proceedings and Al-Hawsawi's
       Motions Seeking Medical Information................................................................5

    C. Al-Hawsawi's Petition and Motion to Enjoin the Military
       Commission Proceedings, and the District Court's Decision .........................8

SUMMARY OF ARGUMENT......................................................................................... 10

STANDARD OF REVIEW ............................................................................................... 13

ARGUMENT ...................................................................................................................... 13

THE DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION
OVER AL-HAWSAWI'S CLAIMS ................................................................................. 13

A. Al-Hawsawi's Claims Are Not Cognizable in Habeas and Are
Therefore Barred by 28 U.S.C. § 2241(e)(2) ...................................... 13

B. Al-Hawsawi's Contrary Arguments Lack Merit............................... 18

C. Even If Al-Hawsawi's Claims Are Not Barred by 28
U.S.C. § 2241(e)(2), the District Court's Ruling Should Be Affirmed ....... 26

CONCLUSION ............................................................................ 29

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

\*_Aamer v. Obama_,
 742 F.3d 1023 (D.C. Cir. 2014) ........................ 2, 9, 10, 11, 14, 15, 16, 18, 19, 20, 22, 25

_Al Janko v. Gates_,
 741 F.3d 136 (D.C. Cir. 2014), ....................................................................13

_Al-Joudi v. Bush_,
 406 F. Supp. 2d 13 (D.D.C. 2005) ..............................................................22

_Al-Zahrani v. Rodriguez_,
 669 F.3d 315 (D.C. Cir. 2012) ....................................................................14

_Boumediene v. Bush_,
 553 U.S. 723 (2008) ............................................................................. 14, 26

_Clinton v. Goldsmith_,
 526 U.S. 529 (1999) ....................................................................................26

\*_Davis v. United States Sentencing Comm'n_,
 716 F.3d 660 (D.C. Cir. 2013) .......................................................16, 17, 20

_Ex parte Quirin_,
 317 U.S. 1 (1942) ........................................................................................27

_Gusik v. Schilder_,
 340 U.S. 128 (1950) ....................................................................................26

_Harris v. Nelson_,
 394 U.S. 286 (1969) ............................................................................. 20, 21

\*_Hatim v. Obama_,
 760 F.3d 54 (D.C. Cir. 2014) .............................................................. 19, 20

_Hudson v. Hardy_,
 424 F.2d 854 (D.C. Cir. 1970) ....................................................................15

---

* Authorities upon which we chiefly rely are marked with asterisks.

*Husayn v. Gates*,
    588 F. Supp. 2d 7 (D.D.C. 2008) ...................................................................22

*In re Al-Nashiri*,
    791 F.3d 71 (D.C. Cir. 2015) .........................................................................28

*Kiyemba v. Obama*,
    561 F.3d 509 (D.C. Cir. 2009) ........................................................ 9, 14, 20, 21

*Merrell Dow Pharm. Inc. v. Thompson*,
    478 U.S. 804 (1986) ......................................................................................24

*Miller v. Overholser*,
    206 F.2d 415 (D.C. Cir. 1953) ................................................................ 11, 15

*Muhammad v. Close*,
    540 U.S. 749 (2004) ............................................................... 11, 15, 17, 20

*Nettles v. Grounds*,
    788 F.3d 992 (9th Cir. 2015) .........................................................................16

*Noyd v. Bond*,
    395 U.S. 683 (1969) ......................................................................................26

*Preiser v. Rodriguez*,
    411 U.S. 475 (1973) ......................................................................................14

*Schlesinger v. Councilman*,
    420 U.S. 738 (1975) ...........................................................................8, 9, 26, 27

*Skinner v. Switzer*,
    562 U.S. 521 (2011) ......................................................................................17

*Syngenta Crop Protection, Inc. v. Henson*,
    537 U.S. 28 (2002) ........................................................................................21

*Wilkinson v. Dotson*,
    544 U.S. 74 (2005) ..................................................................................17, 22

iv

*Youngstown Sheet & Tube Co. v. Sawyer*,
    343 U.S. 579 (1952) ................................................................27

*Zuhair v. Bush*,
    592 F. Supp. 2d 16 (D.D.C. 2008) ...........................................22

**Statutes:**

10 U.S.C. § 948a .............................................................. 3, 27

10 U.S.C. § 948b(a) ..............................................................3

10 U.S.C. § 948k(a)(1) ...........................................................3

10 U.S.C. § 949a ..................................................................4

10 U.S.C. § 949a(b)(2)(B) .........................................................4

10 U.S.C. § 949a(b)(2)(C)(ii) .................................................. 3, 5

10 U.S.C. § 949c ..................................................................3

10 U.S.C. § 949c(b)(3) ............................................................3

10 U.S.C. § 949e .................................................................28

10 U.S.C. § 949f(a) ...............................................................3

10 U.S.C. § 949j ..................................................................4

10 U.S.C. § 949*l*(c)(1) ..........................................................3

10 U.S.C. § 949m(a) ...............................................................5

10 U.S.C. § 949m(c) ...............................................................5

10 U.S.C. § 950b ..................................................................4

10 U.S.C. § 950b(c) ..............................................................24

10 U.S.C. § 950c...............................................................................................5, 24

10 U.S.C. § 950f................................................................................................5, 24

10 U.S.C. § 950f(d)..................................................................................................5

*10 U.S.C. § 950g...................................................................................................24

10 U.S.C. § 950g(a)...........................................................................................5, 24

10 U.S.C. § 950g(c)...........................................................................................5, 24

10 U.S.C. § 950g(e)...........................................................................................5, 24

10 U.S.C. § 950i(b)..................................................................................................5

10 U.S.C. § 950i(c)..................................................................................................5

28 U.S.C. § 1291......................................................................................................2

28 U.S.C. § 1651....................................................................................................21

28 U.S.C. § 2241(a)..................................................................................................2

28 U.S.C. § 2241(e)................................................................................................13

28 U.S.C. § 2241(e)(1).....................................................................................13, 14

*28 U.S.C. § 2241(e)(2).............................................2, 3, 9, 12, 13, 14, 15, 18, 26

**Rule:**

Fed. R. App. P. 4(a)(1)(B)......................................................................................2

Rule 6, Rules Governing 28 U.S.C. § 2254 Cases...............................................21

**Other Authorities:**

Manual for Military Commissions (2012),
    http://www.mc.mil/Portals/0/pdfs/2012ManualForMilitaryCommissions.pdf ....... 4


Rules for Military Commissions:

   R.M.C. 905(b) ......................................................................................................... 4

   R.M.C. 905(f) ...................................................................................................... 24

   R.M.C. 1004(b)(3) .............................................................................................. 5

# GLOSSARY

| | |
|---|---|
| **JA** | Joint Appendix |
| **R.M.C.** | Rules for Military Commissions |

**INTRODUCTION**

Petitioner Mustafa Ahmed Adam Al-Hawsawi faces capital trial before a military commission on numerous criminal charges, including murder in violation of the law of war, for his role in the September 11, 2001 terrorist attacks.  During the course of the lengthy military commission proceedings involving Al-Hawsawi and his four co-defendants (in which over three hundred pretrial motions have been filed), Al-Hawsawi filed two motions asking the commission to compel the government to produce all of his medical records and to allow his counsel to interview his doctors.  A military judge denied those motions, determining that Al-Hawsawi had not shown that the commission should exercise jurisdiction over the requests.

Al-Hawsawi then sought nearly identical relief in federal district court.  Styling his new action as a petition for a writ of habeas corpus, Al-Hawsawi requested an order requiring production of unredacted copies of all of his medical records and the appointment of an independent physician to report on his health.  He also filed a motion for a preliminary injunction, asking the district court to enjoin the military commission proceedings pending the district court's resolution of his self-styled habeas petition.  The district court dismissed the petition, ruling that Al-Hawsawi's claims are discovery requests over which the court lacks subject-matter jurisdiction.

The district court's decision is correct and should be affirmed.  The Military Commissions Act and this Court's precedents restrict the jurisdiction of federal courts to claims that sound in habeas.  Although this Court has held that certain challenges

to "conditions of confinement" are cognizable in a habeas action, *Aamer v. Obama*, 742 F.3d 1023 (D.C. Cir. 2014), Al-Hawsawi's requests for relief do not sound in habeas. Rather, his claims amount to requests for discovery, untethered to any habeas claim alleging the infringement of a legal right that Al-Hawsawi enjoys. Deciding these requests on the merits would not require a court to evaluate the lawfulness of his confinement, and granting the relief he seeks would not remedy any allegedly unlawful aspect of his detention.

Construed most generously, Al-Hawsawi's petition implies a possibility that the information he seeks might shed light on his medical condition, so as to support some eventual future habeas claim. But the claims Al-Hawsawi raises now are not cognizable in habeas. Exercising jurisdiction here would extend *Aamer* to permit any military commission defendant to seek review of unfavorable military commission rulings through a district court habeas action. Because Al-Hawsawi's claims are beyond the scope of the writ, they are barred by 28 U.S.C. § 2241(e)(2).

## STATEMENT OF JURISDICTION

Al-Hawsawi invoked the district court's jurisdiction under 28 U.S.C. § 2241(a). On September 10, 2015, the district court dismissed Al-Hawsawi's complaint without prejudice, concluding that it lacked jurisdiction under 28 U.S.C. § 2241(e)(2). Al-Hawsawi filed a timely notice of appeal on September 24, 2015. *See* Fed. R. App. P. 4(a)(1)(B). This Court has appellate jurisdiction under 28 U.S.C. § 1291.

2

## STATEMENT OF THE ISSUE

Al-Hawsawi is a Guantanamo detainee facing trial before a military commission on capital charges for his role in the September 11, 2001 terrorist attacks.  He seeks in this action to compel the government to produce all of his medical records and to appoint an independent physician to report on his health.

The issue in this appeal is whether the district court correctly ruled that it lacked subject-matter jurisdiction over these claims under 28 U.S.C. § 2241(e)(2), because Al-Hawsawi's claims are not the proper subject of a habeas petition.

## PERTINENT STATUTES

Pertinent statutes are reproduced in the addendum to this brief.

## STATEMENT OF THE CASE

### A.    The Military Commissions Act

The Military Commissions Act, 10 U.S.C. § 948a *et seq.*, establishes "procedures governing the use of military commissions to try alien unprivileged enemy belligerents for violations of the law of war."  *Id.* § 948b(a).  The Act offers defendants a host of procedural protections designed to safeguard the integrity of commission proceedings. It guarantees, for example, the right to an appointed military defense counsel, *id.* § 948k(a)(1); the right to retain private civilian counsel, *id.* § 949a(b)(2)(C)(ii), 949c(b)(3); the right to an impartial judge and trier of fact, *id.* § 949f(a); the right to be presumed innocent until proven guilty beyond a reasonable doubt, *id.* § 949*l*(c)(1); the

right to be present during trial, *id.* § 949a(b)(2)(B); and the rights to discovery, to disclosure of exculpatory evidence, and to call witnesses, *id.* § 949j.

The Rules for Military Commissions (R.M.C.), promulgated by the Secretary of Defense at congressional direction, offer defendants a second layer of protection. *See* 10 U.S.C. § 949a; Manual for Military Commissions (2012), http://www.mc.mil/ Portals/0/pdfs/2012ManualForMilitaryCommissions.pdf. Among other things, those Rules permit defendants to present pretrial motions raising "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue of guilt." R.M.C. 905(b). The military commission's jurisdiction to hear such requests and to remedy specific complaints extends to motions challenging "conditions of detention" that "impact * * * specific cases and issues properly before the Commission." Interim Order, Emergency Defense Motion to Bar Regulations Substantially Burdening Free Exercise of Religion and Access to Counsel (AE 254JJ), at 2-3, *United States v. Mohammad* (Military Comm'ns Trial Judiciary Jan. 7, 2015).

If any defendant is ultimately convicted, the Military Commissions Act accords him a third layer of protection in the form of exhaustive appellate review. Any adverse judgment must be reviewed by the Convening Authority—the Secretary of Defense or his designee—who has discretion to reduce a sentence or to overturn a conviction entirely. *See* 10 U.S.C. § 950b. The case must then be referred to the United States Court of Military Commission Review, which may affirm only those decisions it "finds correct in law and fact * * * on the basis of the entire record." *Id.*

4

§ 950c, 950f.  In the course of that searching reexamination, the reviewing court may "weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact." *Id.* § 950f(d).  The case may then be appealed to this Court as of right, *see id.* § 950g(a), (c), and to the United States Supreme Court by a writ of certiorari, *see id.* § 950g(e).

The Act and its accompanying Rules provide a fourth layer of protection to defendants charged with capital offenses.  Capital defendants are entitled to request additional counsel who specialize in capital cases, *see* 10 U.S.C. § 949a(b)(2)(C)(ii); to present "evidence in extenuation and mitigation" during the proceedings, *see* R.M.C. 1004(b)(3); to appear before a panel of no fewer than twelve commissioned officers, *see* 10 U.S.C. § 949m(a), (c); and to receive an independent determination by the President of the United States that the death penalty is warranted and that the proceedings that imposed the death penalty were legal, *see id.* § 950i(b)-(c).

## B.  The Military Commission Proceedings and Al-Hawsawi's Motions Seeking Medical Information

Al-Hawsawi faces capital criminal charges, including murder in violation of the laws of war, for his role in the terrorist attacks of September 11, 2001.  Al-Hawsawi provided financial and logistical support for the September 11 attacks, *see, e.g.*, JA80-86 ¶¶ 99, 103-04, 115-18, 127, 143-50, 153, 164-65, including by meeting with Usama bin Laden to discuss the attacks and by purchasing the plane tickets that some of the hijackers used to enter the United States.  JA80 ¶ 101, JA86 ¶ 165.  Al-Hawsawi is

5

being tried along with four co-defendants:  Khalid Shaikh Mohammad, Walid Bin
'Attash, Ramzi Bin al Shibh, and Ali Abdul Aziz Ali.  The Convening Authority
referred the charges against Al-Hawsawi and his co-defendants to a military
commission in April 2012.  JA56.  To date, the parties in the commission proceedings
have filed over three hundred pretrial motions.

   Two motions filed by Al-Hawsawi before the military commission are relevant
here.  In the first, Al-Hawsawi asked for an "Emergency Order" requiring the
government to arrange a meeting between his counsel and the military doctors who
have been treating him, and to disclose both his classified and unclassified medical
records.  JA25.  In the second, Al-Hawsawi asked the commission to authorize his
counsel to depose his military doctors.  JA38.

   The government opposed both motions.  It pointed out that Al-Hawsawi did
not present any evidence suggesting that his medical care was inadequate or impaired
his defense, and that both Al-Hawsawi and his counsel remained free to meet with
any medical expert properly cleared as a member of his defense team.  The
government further explained that it was already providing, and would continue to
provide, unclassified medical records to defense counsel on a rolling basis.  As for
Al-Hawsawi's classified medical records, the government reaffirmed its willingness to
disclose them once his counsel signed a memorandum of understanding agreeing to
comply with the commission's protective order governing classified discovery.

Because Al-Hawsawi's defense team had not signed that memorandum, no classified records could be released.[1]

The military commission denied Al-Hawsawi's motions. *See* JA51-52; JA53-54. With respect to the motion for the release of medical records and for a meeting with Al-Hawsawi's doctors, the military commission judge ruled that "the Defense has not shown that [the requests] are within the jurisdiction of the Commission." JA52. The judge noted that the commission was established "to try alien unprivileged enemy belligerents for violations of offenses triable by military commissions," and thus "does not have the authority to address issues concerning medical care." *Ibid.* The judge also noted that government counsel had "listed numerous other paths for the Defense to attempt to pursue" to address the medical issues he raised. JA52 n.6. The judge issued a similar ruling with respect to Al-Hawsawi's request to depose his health care providers. JA53-54.

---

[1] Al-Hawsawi's counsel signed the memorandum of understanding after the district court issued its order in this case. As a result, the government has granted defense counsel access to all of Al-Hawsawi's medical records—present and future—pursuant to the safeguards set out in the memorandum. Al-Hawsawi's counsel has been provided all medical records through August 2015 and will be provided additional medical records through October 7, 2015 shortly. Accordingly, Al-Hawsawi's request for access to classified medical records is moot.

### C.    Al-Hawsawi's Petition and Motion to Enjoin the Military Commission Proceedings, and the District Court's Decision

Al-Hawsawi then brought this action in federal district court.  He styled it as a motion for a writ of habeas corpus.  However, he requested just two narrow forms of relief:

> (1) an "order appointing an independent medical expert to examine [him] and provide [his] counsel * * * with a report on [his] overall current state of health and recommendations regarding the adequacy of his current medical condition and appropriate course of treatment," and

> (2) an "order directing [the government] to provide all un-redacted copies of [his] medical and mental health records * * * as well as un-redacted copies of guard and staff [records] regarding [his] medical condition and treatment."

*Id.* at 4-5.

Al-Hawsawi acknowledged that courts generally do not consider claims by military detainees "unless all available military remedies have been exhausted."  Dkt. 14-1, at 4 (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)).  But he asserted that he had pursued all available avenues of relief.  *Ibid.*

Al-Hawsawi also sought a preliminary injunction halting the military commission proceedings until his district court motion could be resolved.  *See* Dkt. 15-1, at 4.  In that motion, Al-Hawsawi contended that his medical condition has "interfered with his ability to meaningfully meet and confer with his counsel and caused him to be absent from lengthy pretrial hearings" in his military commission case, and that his health "is necessary for him to fully participate in all aspects of his

8

defense now, and as his capital case progresses toward trial." *Id.* at 10.  The

government responded by arguing that the motion should be denied because the

court lacks jurisdiction over the habeas petition (which, the government pointed out,

contained nothing more than requests for discovery), and that the court should

abstain from interfering with Al-Hawsawi's military commission proceedings under

*Councilman*, 420 U.S. at 758.

The district court concluded that it lacked jurisdiction over Al-Hawsawi's

claims, and accordingly dismissed the habeas petition.  As the court explained, the

Military Commissions Act "divests courts of jurisdiction over any actions" by

claimants such as Al-Hawsawi "that are not 'proper claim[s] for habeas relief.'"  JA3

(quoting *Kiyemba v. Obama*, 561 F.3d 509, 513 (D.C. Cir. 2009)); *see* 28 U.S.C.

§ 2241(e)(2).  The district court recognized that this Court has held that the writ

encompasses "challenges to the fact or duration of detention" and challenges to

"certain conditions of confinement" that deprive a prisoner "of a right to which he is

entitled while in custody."  JA3-4 (citing *Aamer v. Obama*, 742 F.3d 1023, 1030, 1034-

36 (D.C. Cir. 2014)).  But Al-Hawsawi's "so-called" habeas petition "contains no such

claim," the district court explained; rather, his claims boil down to "improper[]

attempts to use the writ * * * as a discovery tool."  JA3.  Because the district court

could not exercise subject-matter jurisdiction over Al-Hawsawi's claims, it dismissed the entire action without prejudice.[2]  JA4.

Al-Hawsawi appealed, and filed an emergency motion arguing that his ongoing military commission proceedings should be enjoined pending appeal.  This Court denied that motion.  Order, at 1, *Al-Hawsawi v. Obama*, No. 15-5267 (D.C. Cir. Oct. 16, 2015).

## SUMMARY OF ARGUMENT

1.  The district court correctly dismissed Al-Hawsawi's claims for lack of subject-matter jurisdiction.  The Military Commissions Act limits the jurisdiction of the federal courts over claims by detainees such as Al-Hawsawi to claims of "the sort that may be raised in a federal habeas petition under section 2241."  *Aamer v. Obama*, 742 F.3d 1023, 1030 (D.C. Cir. 2014).  As this Court has explained, "petitioners invoking habeas jurisdiction must assert claims that sound in habeas."  *Id.* at 1033.  And although this Court has held that certain "conditions of confinement" may be proper subjects of a habeas petition, it has likewise made clear that such a claim must directly implicate the legality of "the conditions in which the petitioner is currently being held."  *Id.* at 1035.  That is because the purpose of the writ is "to remedy," *id.* at

---

[2] The district court did not reach the merits of Al-Hawsawi's request for a preliminary injunction; lacking jurisdiction over Al-Hawsawi's complaint, the district court apparently denied as moot his request for a preliminary injunction. *See* JA3-4. Al-Hawsawi's appellate brief does not challenge that ruling. *E.g.*, Br. 20 (asking that this Court "reverse and grant Mr. al Hawsawi's request for an independent medical assessment that relies on the complete medical records related to Mr. al Hawsawi").

1036, confinement that is "more burdensome than the law allows," *id.* at 1038

(quoting *Miller v. Overholser*, 206 F.2d 415, 420 (D.C. Cir. 1953)).

Al-Hawsawi fails to assert a proper habeas claim under these standards. His

habeas petition does not challenge the fact, place, or duration of confinement. Nor

does the petition contain a direct challenge to any condition of confinement.

Although his district court filing states that facts such as his weight "suggest" that the

conditions in which he is being held violate the Fifth and Eighth Amendments (Dkt.

14-1, at 12), he mounts no direct challenge to those conditions, nor does he seek an

order remedying them. Instead, Al-Hawsawi requests discovery about his medical

history and current health. Such claims do not sound in habeas because deciding

them on the merits would not require a court to evaluate the lawfulness of Al-

Hawsawi's confinement, and because granting Al-Hawsawi the relief he seeks would

not remedy any allegedly unlawful aspect of his detention.

2. Al-Hawsawi's contention that his claim is cognizable under this Court's

decision in *Aamer* is incorrect. *Aamer* does not suggest that habeas jurisdiction

extends to claims that do *not* require a court to pass upon whether "the conditions in

which the petitioner is currently being held violate the law." 742 F.3d at 1035.

Extending *Aamer* to encompass Al-Hawsawi's claims would expand habeas beyond

"any recognized theory" of the writ's scope. *See Muhammad v. Close*, 540 U.S. 749, 754-

55 (2004) (per curiam). Doing so in Al-Hawsawi's case would also effectively

transform the federal courts into a venue for interlocutory review of any decision that a military commission might issue.

Al-Hawsawi's remaining arguments fare no better.  Contrary to Al-Hawsawi's assertion, the authority of the federal courts to order discovery in habeas cases does not convert a discovery request into a habeas claim.  Further, his contention that the district court must have subject-matter jurisdiction because no other forum may hear and remedy his claims is mistaken.  As the military judge explained, Al-Hawsawi simply failed to demonstrate the necessary nexus between his requests and the military commission proceedings.  Though Al-Hawsawi now asserts that the state of his health impairs his ability to assist in his defense, these claims also do not require a court to evaluate the lawfulness of his confinement, and Al-Hawsawi does not seek relief that would redress any allegedly unlawful aspect of his detention.  In any event, Al-Hawsawi has not exhausted his remedies with respect to those claims before the military commission.

3.  The district court's ruling should be affirmed even if 28 U.S.C. § 2241(e)(2) does not bar Al-Hawsawi's claims.  Whether those claims are cognizable in habeas or not, they implicate an ongoing military commission prosecution expressly established by joint executive and legislative action.  This Court should decline Al-Hawsawi's invitation to interfere with the military commission process.

## STANDARD OF REVIEW

This Court reviews de novo the district court's dismissal of an action for lack of subject-matter jurisdiction. *Al Janko v. Gates*, 741 F.3d 136, 138 (D.C. Cir. 2014).

## ARGUMENT

## THE DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION OVER AL-HAWSAWI'S CLAIMS

The district court properly dismissed Al-Hawsawi's action for lack of subject-matter jurisdiction. The Military Commissions Act and this Court's precedents expressly restrict the jurisdiction of the federal courts to claims that properly sound in habeas. Al-Hawsawi's claims are not cognizable in habeas, for resolving his claims would not require a court to address the lawfulness of his detention or any aspect of his confinement, and granting the relief he seeks would not necessarily affect his detention. Because Al-Hawsawi's claims fall beyond the outer limits of the writ, they are barred by 28 U.S.C. § 2241(e)(2).

### A.      Al-Hawsawi's Claims Are Not Cognizable in Habeas and Are Therefore Barred by 28 U.S.C. § 2241(e)(2)

Through Section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), Congress exercised its constitutional prerogative to withdraw from federal courts jurisdiction over all conditions-of-confinement claims brought against the United States by detainees at Guantanamo Bay. One subsection barred federal courts from hearing any "application for a writ of habeas corpus filed by or on behalf of" a detainee. 28 U.S.C. § 2241(e)(1). The other barred federal courts from hearing all

13

actions "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of" a detainee. *Id.* § 2241(e)(2).

The Supreme Court in *Boumediene v. Bush*, 553 U.S. 723 (2008), invalidated § 2241(e)(1) with respect to Guantanamo detainees such as Al-Hawsawi, holding that withdrawing jurisdiction over detainee habeas petitions violated the Suspension Clause. But *Boumediene*'s limited holding does not extend to § 2241(e)(2), which this Court has upheld as a valid exercise of congressional power. *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 319 (D.C. Cir. 2012); *Kiyemba v. Obama*, 561 F.3d 509, 512 n.1 (D.C. Cir. 2009). Because § 2241(e)(2) remains in full force, a detainee who does not allege a "proper claim for habeas relief" may not invoke the jurisdiction of the federal courts. *Kiyemba*, 561 F.3d at 513. If a claim does not sound in habeas, it constitutes "an action other than habeas corpus barred by section 2241(e)(2)." *Aamer v. Obama*, 742 F.3d 1023, 1030 (D.C. Cir. 2014). Section 2241(e)(2) bars Al-Hawsawi's claims.

1. The habeas petitioner's "essential claim is that his custody in some way violates the law." *Aamer*, 742 F.3d at 1036. The writ of habeas corpus is an "instrument to obtain release from such confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973). At its core, the writ allows a petitioner to challenge the fact, place, or duration of his confinement. *Ibid.* This Court has held that the writ also allows a

14

petitioner to challenge certain conditions of his confinement.[3] *Aamer*, 742 F.3d at 1038.

The writ does not encompass any claim that a petitioner might raise, however. As this Court has explained, "petitioners invoking habeas jurisdiction must assert claims that sound in habeas." *Aamer*, 742 F.3d at 1033. The purpose of the writ is "to remedy," *id.* at 1036, confinement that is "more burdensome than the law allows," *id.* at 1038 (quoting *Miller v. Overholser*, 206 F.2d 415, 420 (D.C. Cir. 1953)). To qualify as a conditions-of-confinement claim sounding in habeas, a claim must present the "substantive inquiry" of whether "the conditions in which the petitioner is currently being held violate the law." *Id.* at 1035; *see also Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (per curiam) (evaluating whether a complaint sought "a judgment at odds with his conviction" or some other aspect of the prisoner's confinement cognizable in habeas). Only then does that claim test "the form of detention" in a manner cognizable under the writ. *Aamer*, 742 F.3d at 1033 (quoting *Hudson v. Hardy*, 424 F.2d 854, 855 n.3 (D.C. Cir. 1970)).

In *Aamer*, for instance, this Court considered three identical requests for a preliminary injunction banning the government from implementing its policy of

---

[3] The *Aamer* majority held that certain conditions-of-confinement challenges may be adjudicated in habeas cases, rejecting the government's argument that 28 U.S.C. § 2241(e)(2) withdraws federal court jurisdiction to consider them. That holding controls here. The government respectfully disagrees with the jurisdictional holding in *Aamer*, and preserves that issue for potential further review.

administering enteral feeding when medically necessary to preserve a detainee's life and health. *Id.* at 1026-27. This Court reasoned that such claims ought to be cognizable in habeas because, like challenges to the place of confinement, the claims rested on the contention that "some aspect" of the petitioners' detention "deprived" the petitioners "of a right to which" they were "entitled while in custody." *Id.* at 1036. Those claims directly presented the issue of whether the conditions of the *Aamer* petitioners' confinement were lawful. And resolving those claims in the *Aamer* petitioners' favor would have necessarily eliminated the allegedly unlawful conditions.

*Aamer* does not suggest that habeas jurisdiction extends to claims that do *not* require a court to pass upon whether "the conditions in which the petitioner is currently being held violate the law." 742 F.3d at 1035. As this Court has recognized, claims where "success on the merits" would not necessarily "impact * * * the duration of custody" or some other aspect of a petitioner's detention "may not even lie within the bounds of habeas, much less at its core."[4] *Davis v. United States Sentencing Comm'n*, 716 F.3d 660, 665 (D.C. Cir. 2013). To the contrary, a claim that does not "as such raise any implication about the validity" of a petitioner's detention or "necessarily"

---

[4] At least one other circuit court shares this view. The Ninth Circuit has held that a claim is not cognizable in habeas "if success on the claim" is merely "likely to," or has only "the mere potential to, affect" some aspect of a petitioner's detention that is within the scope of the writ. *Nettles v. Grounds*, 788 F.3d 992, 995 (9th Cir. 2015). As that court explained, when a judgment "will not *necessarily* imply the unlawfulness" of executive action that is subject to challenge in habeas, the "federal courts lack habeas jurisdiction to consider claims for constitutional violations." *Id.* at 1000-01.

"affect" some cognizable aspect of the petitioner's confinement does not present a claim "on which habeas relief could [be] granted on any recognized theory" of the writ's scope. *Muhammad*, 540 U.S. at 754-55; *see Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (explaining that a claim which does not "necessarily demonstrate the invalidity of confinement or its duration" need not be brought in habeas form); *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (emphasizing that the Court has not recognized that habeas is even "available * * * where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody'") (quoting *Wilkinson*, 544 U.S. at 86 (Scalia, J., concurring)).

     2.  Neither of Al-Hawsawi's claims "raise[s] any implication about the validity" of the fact, place, duration, or conditions of his confinement. *Muhammad*, 540 U.S. at 754-55; *see Davis*, 716 F.3d at 665.  Al-Hawsawi contends that he has not received complete records of his medical history, although the government is providing his medical records on a rolling basis.[5]  Dkt. 14-1, at 5, 10.  He also contends that he must receive a report on his health from an independent physician (and identifies his preferred doctor), although the government has provided and is continuing to provide him with medical care. *Id.* at 4, 12-13.

---

     [5] As we noted above, Al-Hawsawi's counsel signed the memorandum of understanding after the district court issued its order in this case, enabling counsel to receive classified medical records about Al-Hawsawi.  Any claim based on lack of access to Al-Hawsawi's classified medical records is therefore moot.

Such claims do not sound in habeas.  The "substantive inquiry" that governs whether Al-Hawsawi should prevail on these claims does not require a court to decide whether the government's medical care is constitutionally adequate.  *See Aamer*, 742 F.3d at 1035.  Indeed, a court that reaches the merits of Al-Hawsawi's arguments would decide his claims without reference to his confinement at all.  At most, a court would have to determine whether Al-Hawsawi had some free-standing right to obtain his medical records in some different way, or to obtain the appointment of a doctor to produce a report about Al-Hawsawi's health.  But such claims are not habeas claims, and at no point in the inquiry would the legality of any aspect of his confinement enter play.

The relief that Al-Hawsawi seeks further underscores that his claims do not sound in habeas, as the relief does not seek changes to his conditions of confinement.  Far from directly challenging a condition of his confinement, he seeks access to records and appointment of an expert.  As the district court correctly recognized, Al-Hawsawi's claims are demands for discovery in the guise of a habeas action.  Because discovery requests do not sound in habeas, they are barred by 28 U.S.C. § 2241(e)(2).  The district court properly dismissed Al-Hawsawi's action for lack of subject-matter jurisdiction.

## B.    Al-Hawsawi's Contrary Arguments Lack Merit

Al-Hawsawi raises four objections to the district court's conclusion.  First, Al-Hawsawi asserts that this Court's decision in *Aamer v. Obama*, 742 F.3d 1023 (D.C.

18

Cir. 2014), and similar cases compel the conclusion that the district court has jurisdiction over his claims.  Second, he points to federal courts' statutory authority to order discovery in habeas cases.  Third, he insists that the district court must have jurisdiction over his claims because, he asserts, the military commission does not.  Finally, he attempts belatedly to recharacterize the arguments that his district court filings advanced.  None of his arguments has merit.

1.  Al-Hawsawi devotes the bulk of his brief (Br. 10-16) to this Court's decision in *Aamer*.  But as we have explained, *Aamer* does not suggest that habeas jurisdiction extends to claims that do *not* require a court to pass upon whether "the conditions in which the petitioner is currently being held violate the law."  742 F.3d at 1035.

This Court's cases confirm the distance between conditions-of-confinement claims and Al-Hawsawi's assertions.  In *Aamer*, which involved an asserted Eighth Amendment right to be free from cruel and unusual treatment, the petitioners challenged the government's enteral feeding policy and requested relief that would have put that policy to an end.  In *Hatim v. Obama*, 760 F.3d 54 (D.C. Cir. 2014), which involved an asserted Sixth Amendment right to access to counsel, the petitioners challenged two other governmental policies—one governing where detainees could meet with their attorneys, the other governing the search of detainees required before such meetings could occur, *see id.* at 56—and requested relief that would have put *those* policies to an end.

19

In contrast to the *Aamer* and *Hatim* petitioners, Al-Hawsawi has not argued that the government has violated any constitutional rights he might enjoy by confining him without disclosing his medical records in some unspecified fashion (other than on a rolling basis), or without a report on his health generated by a doctor of his choosing. Instead, Al-Hawsawi asked the district court to order the government to produce his medical records and appoint a doctor to examine him. But the possibility that the information Al-Hawsawi seeks *could* shed light on his medical condition and *might* in the future support a "proper claim for habeas relief" does not make his discovery requests cognizable in habeas. *Kiyemba v. Obama*, 561 F.3d 509, 513 (D.C. Cir. 2009). *Aamer* did not bring such claims within the scope of habeas, and Al-Hawsawi does not explain why this Court should extend *Aamer* to encompass such claims now. Reading Al-Hawsawi's claims as challenging the deprivation "of a right to which he is entitled while in custody" requires stacking inference upon inference—a method that, if accepted, would convert every imaginable policy into a "condition of confinement" cognizable under habeas. *See Aamer*, 742 F.3d at 1036. The writ does not extend so far. *See Muhammad v. Close*, 540 U.S. 749, 754-55 (2004); *Davis v. United States Sentencing Comm'n*, 716 F.3d 660, 665 (D.C. Cir. 2013).

2. Al-Hawsawi next suggests (Br. 15-16) that his claim should succeed because of the statutory authority of the federal courts to order discovery in habeas cases. He points in particular to *Harris v. Nelson*, 394 U.S. 286 (1969). But nothing in *Harris*

supports the proposition that requests such as Al-Hawsawi's amount to a "proper claim for habeas relief." *Kiyemba*, 561 F.3d at 513.

In *Harris*, the Supreme Court considered whether, "in appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures." 394 U.S. at 290. The Court explained that "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry" "where specific allegations before the court" state a colorable habeas claim. *See id.* at 299-300. *Harris* does not stand for the proposition that a discovery request and a habeas claim are one and the same—and for good reason. A court's authority to issue orders in defense of preexisting jurisdiction derives from the All Writs Act, 28 U.S.C. § 1651, and that statute does not independently "confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002).

Contrary to Al-Hawsawi's assertion, it does not make a difference that the rules governing federal habeas proceedings contain discovery-related provisions. *See* Rule 6, Rules Governing 28 U.S.C. § 2254 Cases. Discovery—a *procedure*—and habeas—a *claim*—must not be conflated. *Cf. Harris*, 394 U.S. at 300 (declining to "assume that courts in the exercise of their discretion will pursue or authorize pursuit of all allegations presented to them"). Discovery is available in other contexts as well, such as criminal prosecutions and civil actions. But the existence of discovery in those proceedings does not mean that courts can entertain a discovery dispute in the

21

absence of a criminal prosecution or a civil cause of action.  Accepting Al-Hawsawi's

contrary contention would "utterly sever" the writ from its roots, which is not

permitted.  *See Wilkinson*, 544 U.S. at 86 (Scalia, J., concurring).

Decisions of the district courts in this Circuit involving discovery in habeas

cases are consistent with this conclusion.  *E.g.*, *Zuhair v. Bush*, 592 F. Supp. 2d 16, 16

(D.D.C. 2008); *Husayn v. Gates*, 588 F. Supp. 2d 7, 10-11 (D.D.C. 2008); *Al-Joudi v.

Bush*, 406 F. Supp. 2d 13, 21-22 (D.D.C. 2005).  Each of these decisions involved a

preexisting habeas action challenging the legality of each petitioner's confinement.

And each district court issued the requested relief to preserve its jurisdiction over

separate claims sounding in habeas that the court already had power to adjudicate.

These cases do not suggest that such relief is appropriate here.

3.  Al-Hawsawi next contends (Br. at 14) that the district court must have

subject-matter jurisdiction because no other forum may hear and remedy his claims.

This argument is mistaken.

The commission has jurisdiction over "conditions of detention [if] they impact

* * * specific cases and issues properly before the Commission."  Interim Order,

Emergency Defense Motion to Bar Regulations Substantially Burdening Free Exercise

of Religion and Access to Counsel (AE 254JJ), at 2-3, *United States v. Mohammad*

(Military Comm'ns Trial Judiciary Jan. 7, 2015).  This authority, the commission has

explained, "naturally follows" from this Court's decision in *Aamer*.  Ruling, Defense

Motion to Abate the Proceedings Until the Accused Receives Adequate Medical Care

22

(AE 205JJ), *United States v. Al-Nashiri* (Military Comm'ns Trial Judiciary Mar. 24, 2015).

Consistent with this principle, the military commission has routinely evaluated requests to curtail governmental activities that allegedly interfere with defendants' ability to participate in commission proceedings. For example, the commission has ordered the government to limit any "disruptive and harassing noises and vibrations" that might spill over into detainees' cells and meeting rooms, *see* Order, Do Not Subject Mr. Bin al Shibh to Disruptive and Harassing Noises and Vibrations (AE 152HH), *United States v. Mohammad* (Military Comm'ns Trial Judiciary Nov. 2, 2015), and to avoid tasking female guards with detainee-transport duty, *see* Interim Order, *supra*, at 3. Such decisions demonstrate that the commission stands ready to vindicate defendants' asserted "right[s] or privilege[s] within the criminal process." Ruling, Defense Motion for Appropriate Relief To Require Confinement Conditions that Comply with International Humanitarian Law Standards (AE 303D), *United States v. Mohammad* (Military Comm'ns Trial Judiciary June 22, 2015).

Al-Hawsawi's contrary argument misinterprets the military judge's orders rejecting the two motions at the heart of this appeal. Far from ruling that the commission has no jurisdiction over any conditions of confinement, the military judge merely determined that Al-Hawsawi had failed to demonstrate a nexus between his requests and the military commission proceedings, especially in light of the alternatives Al-Hawsawi had available to address his concerns. *See* JA52 (explaining

23

that Al-Hawsawi had "not shown" that his motions were "within the jurisdiction of this Commission").

Al-Hawsawi's contrary argument also overlooks the fact that these two orders are not the military commission's last word on the matter. The Rules for Military Commissions allow Al-Hawsawi to ask the military judge to reconsider those orders, *see* R.M.C. 905(f), but he has yet to make such a request. Nor will the denial of his discovery requests prejudice the ultimate outcome of his military commission trial. In the event Al-Hawsawi is convicted, the Convening Authority enjoys discretion to reduce his sentence or overturn it entirely. *See* 10 U.S.C. § 950b(c). The United States Court of Military Commission Review may overrule verdicts not "correct in law and fact * * * on the basis of the entire record." *Id.* § 950c, 950f. And that court's rulings may in turn be appealed to this Court as of right, *id.* § 950g(a), (c), and to the United States Supreme Court by writ of certiorari, *id.* § 950g(e). Thus, the military commission process includes mechanisms to address and redress all of Al-Hawsawi's claims (if they affect his commission proceedings and have merit).

4. Lastly, Al-Hawsawi attempts (Br. 9, 12) to redefine his district court filing as a conditions-of-confinement petition by asserting that the government has interfered with his access to counsel. But "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). In district court, Al-Hawsawi never argued that the Constitution entitles him to receive medical records in a different fashion or a report on his health by a

24

court-appointed doctor, much less that the deprivation of this information denied him any constitutional right of access to counsel. Nor did Al-Hawsawi argue in district court that the relief he sought—discovery—must be granted to remedy any constitutional violation related to counsel access. He suggested only that relief was justified to enable him to evaluate the "adequacy of his medical condition and appropriate course of treatment," *id.* at 4, 5, 7, 12. Al-Hawsawi may not now recharacterize the "relief he s[ought]" as "lawful conditions of confinement" (Br. 13-14) to avoid the consequences of those choices. *See Aamer*, 742 F.3d at 1041-44 (rejecting detainees' untimely attempts to amend the grounds for relief they asserted).

In any event, Al-Hawsawi's redefined claims suffer the same failing as the claims that he actually presented to the district court. As we have explained, deciding whether Al-Hawsawi should receive his medical records in some different way or whether the court should appoint a doctor to report on Al-Hawsawi's current health does not require a court to evaluate whether the government has unlawfully deprived Al-Hawsawi of any right to medical care, much less to evaluate whether the government has unlawfully deprived Al-Hawsawi of any right of access to counsel. Granting Al-Hawsawi the relief he seeks would not in itself necessarily affect any aspect of his detention, whether related to his access to counsel or otherwise. Thus, Al-Hawsawi's expanded assertions do not bring his claims within the scope of habeas.

25

### C.     Even If Al-Hawsawi's Claims Are Not Barred by 28 U.S.C. § 2241(e)(2), the District Court's Ruling Should Be Affirmed

Even if the district court decided the jurisdictional question incorrectly, its judgment of dismissal without prejudice should be affirmed on prudential grounds. Al-Hawsawi has not exhausted his remedies before the military commission.  And comity counsels against interfering with ongoing commission proceedings.  These prudential considerations suggest that the district court's judgment should be affirmed whether Al-Hawsawi's claims sound in habeas or not.

1. "[F]or prudential reasons," the Supreme Court requires defendants to "exhaust[] * * * alternative remedies" before invoking the writ.  *Boumediene v. Bush*, 553 U.S. 723, 793 (2008); *see Clinton v. Goldsmith*, 526 U.S. 529, 537 n.11 (1999) (applying that rule in the context of military tribunals); *Noyd v. Bond*, 395 U.S. 683, 693-99 (1969) (same).  The "reach of the law's writs" is informed by "[p]ractical considerations and exigent circumstances."  *Boumediene*, 553 U.S. at 793.  When neither pragmatism nor exigency demands judicial intervention, using habeas to superintend pending military proceedings would generate "wholly needless" friction between military tribunals and Article III courts.  *See Gusik v. Schilder*, 340 U.S. 128, 132 (1950).  Al-Hawsawi himself acknowledges that "courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted."  Dkt. 14-1, at 4 (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)).  For nearly identical reasons, the Supreme Court has instructed courts to abstain from deciding questions

26

over which they may otherwise exercise jurisdiction when doing so would interfere with "an integrated system of military courts and review procedures." *Councilman*, 420 U.S. at 757-58.

Prudential considerations are especially important here. Congress and the President, acting together, established the military commission system to "disciplin[e] * * * enemies" charged with "violat[ing] the law of war." *Ex parte Quirin*, 317 U.S. 1, 28-29 (1942) (per curiam); *see* 10 U.S.C. § 948a *et seq.* Al-Hawsawi's prosecution by military commission reflects the considered judgment of the political branches about how the grave crimes with which he is charged should be tried. The deference that the courts generally owe such a judgment, *see Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635-38 (1952) (Jackson, J., concurring), underscores the peril of hasty intervention in the commission process.

Exercising jurisdiction now over Al-Hawsawi's claims risks transforming the federal courts into a venue for interlocutory review of any decision that a military commission might issue. Al-Hawsawi's own claims prove the point: To the extent he has invoked the right to counsel at all, the right he asserts relates not to pending habeas proceedings but to his military commission. *See, e.g.*, Br. 8-9, 13; Dkt. 14-1, at 10, 12. This would create uncertainty about the orderly progression of military commission proceedings that could not be confined to this case. Such proceedings could be impaired any time a detainee can convert an objection to any military commission order into a complaint about some aspect of his confinement, no matter

27

the strength on the merits of that imaginative claim.  This Court should decline Al-Hawsawi's invitation to interfere with the military commission process.

2.  The breadth of alternative remedies available to Al-Hawsawi also counsels against preempting ongoing military commission proceedings by way of habeas corpus.  *Cf. In re Al-Nashiri*, 791 F.3d 71, 79 (D.C. Cir. 2015) (observing that this Court remains "mindful" of Congress's choices in crafting the Military Commissions Act when deciding whether to grant relief).  As we have explained, the military commission has jurisdiction to hear and to remedy any concerns that the governmental policies at issue affect the integrity of Al-Hawsawi's trial.  And Al-Hawsawi may challenge the military commission's rulings in appellate courts.

That conclusion does not change even if this Court credits Al-Hawsawi's belated attempt to convert his district court filing into a conditions-of-confinement challenge.  Again, Congress has given Al-Hawsawi ample opportunities to raise such arguments after his military trial concludes.  And the military commission offers him multiple avenues of relief if, as he now suggests, his medical condition prevents him from contributing to his defense.  For example, Al-Hawsawi retains the right to request a continuance in his military case at any time, which the military judge may grant upon a showing of "reasonable cause."  10 U.S.C. § 949e.  And the judge in Al-Hawsawi's military commission prosecution has entertained a continuance on the ground that a panel of independent medical experts should assess the fitness for trial

28

of one of Al-Hawsawi's co-defendants.  In sum, the military commission process is more than capable of addressing Al-Hawsawi's recharacterized claims.

## CONCLUSION

For these reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BENJAMIN C. MIZER
   *Principal Deputy Assistant Attorney*
      *General*

DOUGLAS N. LETTER
MATTHEW M. COLLETTE

 *s/ Sonia K. McNeil*
SONIA K. McNEIL
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7234*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, D.C. 20530*
   *(202) 616-8209*

NOVEMBER 2015

29

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation set forth in this Court's order of October 26, 2015, because it contains 7,335 words, excluding the parts of the brief exempted under Rule 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(a)(1), according to the count of Microsoft Word.

I further certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a proportionally spaced font.

s/ Sonia K. McNeil

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2015, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

s/ Sonia K. McNeil

**ADDENDUM**

# ADDENDUM TABLE OF CONTENTS

**Page**

28 U.S.C. § 2241 (excerpted) ...................................................................A1

Military Commissions Act:

    10 U.S.C. § 948k (excerpted).........................................................A1

    10 U.S.C. § 949a (excerpted) .........................................................A1

    10 U.S.C. § 949c (excerpted) .........................................................A3

    10 U.S.C. § 949e .............................................................................A4

    10 U.S.C. § 949f (excerpted) .........................................................A4

    10 U.S.C. § 949j ..............................................................................A4

    10 U.S.C. § 949*l* (excerpted) .........................................................A5

    10 U.S.C. § 949m (excerpted) ........................................................A6

    10 U.S.C. § 950b (excerpted) .........................................................A7

    10 U.S.C. § 950c (excerpted) .........................................................A8

    10 U.S.C. § 950f .............................................................................A8

    10 U.S.C. § 950g..............................................................................A9

    10 U.S.C. § 950i...............................................................................A10

Rules for Military Commissions:

    Rule 905 (excerpted)......................................................................A11

    Rule 1004 (excerpted) ....................................................................A12

## 28 U.S.C. § 2241.  Power to grant writ

. . . .

**(e)(1)** No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

**(2)** Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 (10 U.S.C. 801 note), no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

## 10 U.S.C. § 948k.  Detail of trial counsel and defense counsel

. . . .

**(a) Detail of counsel generally.**—

**(1)** Trial counsel and military defense counsel shall be detailed for each military commission under this chapter.

**(2)** Assistant trial counsel and assistant and associate defense counsel may be detailed for a military commission under this chapter.

**(3)** Military defense counsel for a military commission under this chapter shall be detailed as soon as practicable.

**(4)** The Secretary of Defense shall prescribe regulations providing for the manner in which trial counsel and military defense counsel are detailed for military commissions under this chapter and for the persons who are authorized to detail such counsel for such military commissions.

. . . .

## 10 U.S.C. § 949a.  Rules

**(a) Procedures and rules of evidence.**—Pretrial, trial, and post-trial procedures, including elements and modes of proof, for cases triable by military commission under this chapter may be prescribed by the Secretary of Defense. Such procedures may not be contrary to or inconsistent with this chapter. . . .

**(b) Exceptions.—**

(1) In trials by military commission under this chapter, the Secretary of Defense, in consultation with the Attorney General, may make such exceptions in the applicability of the procedures and rules of evidence otherwise applicable in general courts-martial as may be required by the unique circumstances of the conduct of military and intelligence operations during hostilities or by other practical need consistent with this chapter.

(2) Notwithstanding any exceptions authorized by paragraph (1), the procedures and rules of evidence in trials by military commission under this chapter shall include, at a minimum, the following rights of the accused:

(A) To present evidence in the accused's defense, to cross-examine the witnesses who testify against the accused, and to examine and respond to all evidence admitted against the accused on the issue of guilt or innocence and for sentencing, as provided for by this chapter.

(B) To be present at all sessions of the military commission (other than those for deliberations or voting), except when excluded under section 949d of this title.

(C)(i) When none of the charges sworn against the accused are capital, to be represented before a military commission by civilian counsel if provided at no expense to the Government, and by either the defense counsel detailed or the military counsel of the accused's own selection, if reasonably available.

(ii) When any of the charges sworn against the accused are capital, to be represented before a military commission in accordance with clause (i) and, to the greatest extent practicable, by at least one additional counsel who is learned in applicable law relating to capital cases and who, if necessary, may be a civilian and compensated in accordance with regulations prescribed by the Secretary of Defense.

(D) To self-representation, if the accused knowingly and competently waives the assistance of counsel, subject to the provisions of paragraph (4).

(E) To the suppression of evidence that is not reliable or probative.

(F) To the suppression of evidence the probative value of which is substantially outweighed by—

(i) the danger of unfair prejudice, confusion of the issues, or misleading the members; or

A2

**(ii)** considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

. . . .

## 10 U.S.C. § 949c.  Duties of trial counsel and defense counsel

. . . .

**(b) Defense counsel.—**

**(1)** The accused shall be represented in the accused's defense before a military commission under this chapter as provided in this subsection.

**(2)** The accused may be represented by military counsel detailed under section 948k of this title or by military counsel of the accused's own selection, if reasonably available.

**(3)** The accused may be represented by civilian counsel if retained by the accused, provided that such civilian counsel—

**(A)** is a United States citizen;

**(B)** is admitted to the practice of law in a State, district, or possession of the United States, or before a Federal court;

**(C)** has not been the subject of any sanction of disciplinary action by any court, bar, or other competent governmental authority for relevant misconduct;

**(D)** has been determined to be eligible for access to information classified at the level Secret or higher; and

**(E)** has signed a written agreement to comply with all applicable regulations or instructions for counsel . . . .

**(4)** If the accused is represented by civilian counsel, military counsel shall act as associate counsel.

**(5)** The accused is not entitled to be represented by more than one military counsel. However, the person authorized under regulations prescribed under section 948k of this title to detail counsel, in such person's sole discretion, may detail additional military counsel to represent the accused.

**(6)** Defense counsel may cross-examine each witness for the prosecution who testifies before a military commission under this chapter.

. . . .

A3

**10 U.S.C. § 949e.  Continuances**

The military judge in a military commission under this chapter may, for reasonable cause, grant a continuance to any party for such time, and as often, as may appear to be just.


**10 U.S.C. § 949f.  Challenges**

**(a) Challenges authorized.**—The military judge and primary or alternate members of a military commission under this chapter may be challenged by the accused or trial counsel for cause stated to the military commission. The military judge shall determine the relevance and validity of challenges for cause, and may not receive a challenge to more than one person at a time. Challenges by trial counsel shall ordinarily be presented and decided before those by the accused are offered.

**(b) Peremptory challenges.**—The accused and trial counsel are each entitled to one peremptory challenge, but the military judge may not be challenged except for cause. Nothing in this section prohibits the military judge from awarding to each party such additional peremptory challenges as may be required in the interests of justice.

. . . .


**10 U.S.C. § 949j.  Opportunity to obtain witnesses and other evidence**

**(a) In general.—**

**(1)** Defense counsel in a military commission under this chapter shall have a reasonable opportunity to obtain witnesses and other evidence as provided in regulations prescribed by the Secretary of Defense. The opportunity to obtain witnesses and evidence shall be comparable to the opportunity available to a criminal defendant in a court of the United States under article III of the Constitution.

**(2)** Process issued in military commissions under this chapter to compel witnesses to appear and testify and to compel the production of other evidence—

**(A)** shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue; and

**(B)** shall run to any place where the United States shall have jurisdiction thereof.

A4

**(b) Disclosure of exculpatory evidence.—**

**(1)** As soon as practicable, trial counsel in a military commission under this chapter shall disclose to the defense the existence of any evidence that reasonably tends to—

**(A)** negate the guilt of the accused of an offense charged; or

**(B)** reduce the degree of guilt of the accused with respect to an offense charged.

**(2)** The trial counsel shall, as soon as practicable, disclose to the defense the existence of evidence that reasonably tends to impeach the credibility of a witness whom the government intends to call at trial.

**(3)** The trial counsel shall, as soon as practicable upon a finding of guilt, disclose to the defense the existence of evidence that is not subject to paragraph (1) or paragraph (2) but that reasonably may be viewed as mitigation evidence at sentencing.

**(4)** The disclosure obligations under this subsection encompass evidence that is known or reasonably should be known to any government officials who participated in the investigation and prosecution of the case against the defendant.


**10 U.S.C. § 949*l*.  Voting and rulings**

. . . .

**(c) Instructions prior to vote.**—Before a vote is taken of the findings of a military commission under this chapter, the military judge shall, in the presence of the accused and counsel, instruct the members as to the elements of the offense and charge the members—

**(1)** that the accused must be presumed to be innocent until the accused's guilt is established by legal and competent evidence beyond a reasonable doubt;

**(2)** that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and the accused must be acquitted;

**(3)** that, if there is reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt; and

**(4)** that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the United States.

A5

**10 U.S.C. § 949m.  Number of votes required**

   **(a) Conviction.**—No person may be convicted by a military commission under this chapter of any offense, except as provided in section 949i(b) of this title or by concurrence of two-thirds of the primary members present at the time the vote is taken.

   **(b) Sentences.**—

      **(1)** Except as provided in paragraphs (2) and (3), sentences shall be determined by a military commission by the concurrence of two-thirds of the primary members present at the time the vote is taken.

      **(2)** No person may be sentenced to death by a military commission, except insofar as—

         **(A)** the penalty of death has been expressly authorized under this chapter, chapter 47 of this title, or the law of war for an offense of which the accused has been found guilty;

         **(B)** trial counsel expressly sought the penalty of death by filing an appropriate notice in advance of trial;

         **(C)** the accused was convicted of the offense by the concurrence of all the primary members present at the time the vote is taken, or a guilty plea was accepted and not withdrawn prior to announcement of the sentence in accordance with section 949i(b) of this title; and

         **(D)** all primary members present at the time the vote was taken on the sentence concurred in the sentence of death.

      . . . .

   **(c) Number of primary members required for penalty of death.**—

      **(1)** Except as provided in paragraph (2), in a case in which the penalty of death is sought, the number of primary members of the military commission under this chapter shall be not less than 12 primary members.

      **(2)** In any case described in paragraph (1) in which 12 primary members are not reasonably available for a military commission because of physical conditions or military exigencies, the convening authority shall specify a lesser number of primary members for the military commission (but not fewer than 9 primary members), and the military commission may be assembled, and the trial held, with not less than the number of primary members so specified. In any such case, the convening authority shall make a detailed written statement, to be appended to the record, stating why a greater number of primary members were not reasonably available.

**10 U.S.C. § 950b.  Review by the convening authority**

    **(a) Notice to convening authority of findings and sentence.**—The findings and sentence of a military commission under this chapter shall be reported in writing promptly to the convening authority after the announcement of the sentence.

    **(b) Submittal of matters by accused to convening authority.**—

       **(1)** The accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and the sentence of the military commission under this chapter.

       . . . .

    **(c) Action by convening authority.**—

       **(1)** The authority under this subsection to modify the findings and sentence of a military commission under this chapter is a matter of the sole discretion and prerogative of the convening authority.

       **(2)** The convening authority is not required to take action on the findings of a military commission under this chapter. If the convening authority takes action on the findings, the convening authority may, in the sole discretion of the convening authority, only—

          **(A)** dismiss any charge or specification by setting aside a finding of guilty thereto; or

          **(B)** change a finding of guilty to a charge to a finding of guilty to an offense that is a lesser included offense of the offense stated in the charge.

       **(3)(A)** The convening authority shall take action on the sentence of a military commission under this chapter.

          . . . .

          **(C)** In taking action under this paragraph, the convening authority may, in the sole discretion of the convening authority, approve, disapprove, commute, or suspend the sentence in whole or in part. The convening authority may not increase a sentence beyond that which is found by the military commission.

    . . . .

A7

**10 U.S.C. § 950c.  Appellate referral; waiver or withdrawal of appeal**

(a) **Automatic referral for appellate review.**—Except as provided in subsection (b), in each case in which the final decision of a military commission under this chapter (as approved by the convening authority) includes a finding of guilty, the convening authority shall refer the case to the United States Court of Military Commission Review. Any such referral shall be made in accordance with procedures prescribed under regulations of the Secretary.

(b) **Waiver of right of review.**—

(1) Except in a case in which the sentence as approved under section 950b of this title extends to death, an accused may file with the convening authority a statement expressly waiving the right of the accused to appellate review by the United States Court of Military Commission Review under section 950f of this title of the final decision of the military commission under this chapter.

. . . .

**10 U.S.C. § 950f.  Review by United States Court of Military Commission Review**

(a) **Establishment.**—There is a court of record to be known as the "United States Court of Military Commission Review" (in this section referred to as the "Court"). The Court shall consist of one or more panels, each composed of not less than three judges on the Court. For the purpose of reviewing decisions of military commissions under this chapter, the Court may sit in panels or as a whole, in accordance with rules prescribed by the Secretary of Defense.

(b) **Judges.**—

(1) Judges on the Court shall be assigned or appointed in a manner consistent with the provisions of this subsection.

(2) The Secretary of Defense may assign persons who are appellate military judges to be judges on the Court. Any judge so assigned shall be a commissioned officer of the armed forces, and shall meet the qualifications for military judges prescribed by section 948j(b) of this title.

(3) The President may appoint, by and with the advice and consent of the Senate, additional judges to the United States Court of Military Commission Review.

A8

**(4)** No person may serve as a judge on the Court in any case in which that person acted as a military judge, counsel, or reviewing official.

**(c) Cases to be reviewed.**—The Court shall, in accordance with procedures prescribed under regulations of the Secretary, review the record in each case that is referred to the Court by the convening authority under section 950c of this title with respect to any matter properly raised by the accused.

**(d) Standard and scope of review.**—In a case reviewed by the Court under this section, the Court may act only with respect to the findings and sentence as approved by the convening authority. The Court may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, the Court may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the military commission saw and heard the witnesses.

**(e) Rehearings.**—If the Court sets aside the findings or sentence, the Court may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing. If the Court sets aside the findings or sentence and does not order a rehearing, the Court shall order that the charges be dismissed.

## 10 U.S.C. § 950g. Review by United States Court of Appeals for the District of Columbia Circuit; writ of certiorari to Supreme Court

**(a) Exclusive appellate jurisdiction.**—Except as provided in subsection (b), the United States Court of Appeals for the District of Columbia Circuit shall have exclusive jurisdiction to determine the validity of a final judgment rendered by a military commission (as approved by the convening authority and, where applicable, as affirmed or set aside as incorrect in law by the United States Court of Military Commission Review) under this chapter.

**(b) Exhaustion of other appeals.**—The United States Court of Appeals for the District of Columbia Circuit may not review a final judgment described in subsection (a) until all other appeals under this chapter have been waived or exhausted.

**(c) Time for seeking review.**—A petition for review by the United States Court of Appeals for the District of Columbia Circuit must be filed in the Court of Appeals—

      **(1)** not later than 20 days after the date on which written notice of the final decision of the United States Court of Military Commission Review is served on the parties; or

      **(2)** if the accused submits, in the form prescribed by section 950c of this title, a written notice waiving the right of the accused to review by the United States Court of Military Commission Review, not later than 20 days after the date on which such notice is submitted.

    **(d) Scope and nature of review.**—The United States Court of Appeals for the District of Columbia Circuit may act under this section only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the United States Court of Military Commission Review, and shall take action only with respect to matters of law, including the sufficiency of the evidence to support the verdict.

    **(e) Review by Supreme Court.**—The Supreme Court may review by writ of certiorari pursuant to section 1254 of title 28 the final judgment of the United States Court of Appeals for the District of Columbia Circuit under this section.


## 10 U.S.C. § 950i.  Execution of sentence; suspension of sentence

    **(a) In general.**—The Secretary of Defense is authorized to carry out a sentence imposed by a military commission under this chapter in accordance with such procedures as the Secretary may prescribe.

    **(b) Execution of sentence of death only upon approval by the President.**—If the sentence of a military commission under this chapter extends to death, that part of the sentence providing for death may not be executed until approved by the President. In such a case, the President may commute, remit, or suspend the sentence, or any part thereof, as he sees fit.

    **(c) Execution of sentence of death only upon final judgment of legality of proceedings.**—

      **(1)** If the sentence of a military commission under this chapter extends to death, the sentence may not be executed until there is a final judgment as to the legality of the proceedings (and with respect to death, approval under subsection (b)).

      **(2)** A judgment as to legality of proceedings is final for purposes of paragraph (1) when review is completed in accordance with the judgment of the United States Court of Military Commission Review and—

**(A)** the time for the accused to file a petition for review by the United States Court of Appeals for the District of Columbia Circuit has expired, the accused has not filed a timely petition for such review, and the case is not otherwise under review by the Court of Appeals; or

**(B)** review is completed in accordance with the judgment of the United States Court of Appeals for the District of Columbia Circuit and—

**(i)** a petition for a writ of certiorari is not timely filed;

**(ii)** such a petition is denied by the Supreme Court; or

**(iii)** review is otherwise completed in accordance with the judgment of the Supreme Court.

**(d) Suspension of sentence.**—The Secretary of the Defense, or the convening authority acting on the case (if other than the Secretary), may suspend the execution of any sentence or part thereof in the case, except a sentence of death.


**Rule for Military Commissions 905.  Motions generally**

. . . .

**(b) Pre-trial motions.**  Any defense, objection, or request which is capable of determination without the trial of the general issue of guilt may be raised before trial. The following must be raised before a plea is entered:

**(1)** Defenses or objections based on defects (other than jurisdictional defects) in the swearing, forwarding, investigation, or referral of charges;

**(2)** Defenses or objections based on defects in the charges and specifications (other than any failure to show jurisdiction or to charge an offense, which objections shall be resolved by the military judge at any time during the pendency of the proceedings);

. . . .

**(f) Reconsideration.**  On request of any party or sua sponte, the military judge may, prior to authentication of the record of trial, reconsider any ruling, other than one amounting to a finding of not guilty, made by the military judge.

. . . .

A11

**Rule for Military Commissions 1004.  Capital cases**

(a) **In general.** Death may be adjudged only when:

(1) Death is expressly authorized under Part IV of chapter 47A of title 10, United States Code, and this Manual for an offense of which the accused has been found guilty or is authorized under the law of war for an offense of which the accused has been found guilty under the law of war; and

(2) The accused was convicted of such an offense by the concurrence of all the members, with not less than twelve (except as provided in Rule 501(a)(3)), of the military commission present at the time the vote was taken or a guilty plea for such an offense was accepted in accordance with R.M.C. 910 and not withdrawn prior to announcement of the sentence; and

(3) The requirements of sections (b) and (c) of this rule have been met.

(b) **Procedure.** In addition to the provisions in R.M.C. 1001, the following procedures shall apply in capital cases—

(1) **Notice.** Before arraignment, trial counsel shall give the defense written notice of which aggravating factors under section (c) of this rule the prosecution intends to prove. Failure to provide timely notice under this subsection of any aggravating factors under section (c) of this Rule shall not bar later notice and proof of such additional aggravating factors unless the accused demonstrates specific prejudice from such failure and that a continuance or a recess is not an adequate remedy.

(2) **Evidence of aggravating factors.** Trial counsel may present evidence in accordance with R.M.C. 1001(b)(2) tending to establish one or more of the aggravating factors in section (c) of this rule.

(3) **Evidence in extenuation and mitigation.** The accused shall be given broad latitude to present evidence in extenuation and mitigation.

(4) **Necessary findings.** Death may not be adjudged unless—

(A) The members find that at least one of the aggravating factors under section (c) existed;

(B) Notice of such factor was provided in accordance with subsection (1) of this section and all members concur in the finding with respect to such factor; and

(C) All members concur that any extenuating or mitigating circumstances are substantially outweighed by any aggravating circumstances

A12

admissible under R.M.C. 1001(b)(2), including the factors under section (c) of this rule.

(5) **Basis for findings.** The findings in subsection (b)(4) of this rule may be based on evidence introduced before or after findings, or both.

(6) **Instructions.** In addition to the instructions required under R.M.C. 1005, the military judge shall instruct the members of such aggravating factors under section (c) of this rule as may be in issue in the case, and on the requirements and procedures under subsections (b)(4), (5), (7), and (8) of this rule. The military judge shall instruct the members that they must consider all evidence in extenuation and mitigation before they may adjudge death.

(7) **Voting.** In closed session, before voting on a sentence, the members shall vote by secret written ballot separately on each aggravating factor under section (c) of this rule on which they have been instructed. Death may not be adjudged unless all members concur in a finding of the existence of at least one such aggravating factor. After voting on all the aggravating factors on which they have been instructed, the members shall vote on a sentence in accordance with R.M.C. 1006.

(8) **Announcement.** If death is adjudged, the president shall, in addition to complying with R.M.C. 1007, announce which aggravating factors under section (c) of this rule were found by the members.

(c) **Aggravating factors.** Death may be adjudged only if the members find, beyond a reasonable doubt, one or more of the following aggravating factors:

(1) That the offense was committed in such a way or under circumstances that the life of one or more persons other than the victim was unlawfully and substantially endangered;

(2) That the offense resulted in the death of more than one person;

. . . .

(8) That the victim was a protected person or that the offense was committed in such a way or under circumstances that the life of one or more protected persons other than the victim was unlawfully and substantially endangered, except that this factor shall not apply to a violation of Offenses 1 (Murder of Protected Persons) and 9 (Using Protected Persons as a Shield);

. . . .

(11) That the offense was committed with the intent to intimidate or terrorize the civilian population, except that this factor shall not apply to a violation of Offense 24 (Terrorism);

**(12)** That the offense was committed while the accused intentionally targeted a protected place;

**(d) Other penalties.** Except for a violation of Article 106 of the Uniform Code of Military Justice, when death is an authorized punishment for an offense, all other punishments authorized under R.M.C. 1003 are also authorized for that offense, including confinement for life, and may be adjudged in lieu of the death penalty.

A14