**[ORAL ARGUMENT SCHEDULED, FEB. 5, 2016]** d with Classified

Information Security Officer

No. 15-5267

CISO _____

Date _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

MUSTAFA AHMED ADAM AL-HAWSAWI,

Appellant,

v.

BARACK H. OBAMA, et al.,

Appellees.

On Appeal from the United States District Court
for the District of Columbia

### REPLY BRIEF FOR APPELLANT MR. AL HAWSAWI

WALTER B. RUIZ
*Learned Defense Counsel for*
*Mr. al Hawsawi*

SUZANNE M. LACHELIER
*Detailed Civilian Defense Counsel for*
*Mr. al Hawsawi*

## CERTIFICATE OF COMPLIANCE

I certify that the attached REPLY BRIEF OF APPELLANT MUSTAFA AL HAWSAWI contains 3589 words.

This certification is executed on November 23, 2015, at Arlington, Virginia. I attest that the foregoing is true and correct to the best of my knowledge.

WALTER B. RUIZ

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am a United States citizen and over 18 years of age, and that I am the attorney of record for the Petitioner in this case.

I am a member in good standing of the bar of this Court, Bar No. 1025717.

My business address is 1620 Defense Pentagon, Washington, D.C. 20301-1620.

On November 23, 2015, I caused to be served on the following counsel for the Appellee-Respondent Government, through the Court Security Officer, **Reply Brief for Appellant Mustafa al Hawsawi**:

Sonia McNeil
Sharon Swingle
Matthew Collette
Douglas Letter

Attorneys for
United States Department of Justice
Civil Division Appellate Section, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 305-0037
Fax: (202) 616-8470
Sonia.k.mcneil@usdoj.gov

This certification is executed on November 23, 2015, at Arlington, Virginia. I attest that the foregoing is true and correct to the best of my knowledge.

WALTER B. RUIZ

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS................................................................ i

TABLE OF AUTHORITIES...............................................................ii

I.    INTRODUCTION ........................................................................................ 2

II.   ARGUMENT .............................................................................................. 3

    A. This Circuit's Law Unequivocally Holds that Habeas Jurisdiction Exists Over Challenges to Conditions of Confinement.......................................... 3

    B. Mr. al Hawsawi Has Met Any Exhaustion Requirement and He Has No Other Avenue to Remedy His Injuries......................................................... 7

    C. This Circuit is Competent to Handle Habeas Claims from Guantanamo Detainees.................................................................................................... 11

    D. Discovery in the Context of Habeas is Neither New or Unusual.........13

III.  CONCLUSION ........................................................................................... 15

UNCLASSIFIED//FOR PUBLIC RELEASE

# TABLE OF AUTHORITIES

**U.S. Constitution:**                                                                    **Page**

Amendment V ................................................................................................. 3, 8, 16

Amendment VI ................................................................................................. 3, 16

Amendment VIII............................................................................................…..3, 8, 16

**Cases:**

*Al Joudi v. Bush*
   406 F.Supp.2d 13 (D.D.C. 2005)...............................................10, 11, 14

*Al Odah v. United States*
   329 F.Supp .2d 106, 107 (D.D.C. 2004)...............................................13

\* *Aamer v. Obama*
   742 F.3d 1023 (D.C. Cir. 2014)...........................................4, 6, 9, 12, 15

*Harris v. Nelson*
   394 U.S. 286 (1969)...............................................................14

\* *Hudson v. Hardy*
   424 F.2d 854 (D.C. Cir. 1970)...........................................................10

*Kiyemba v. Obama*
   561 F.3d 509 (D.C. Cir 2009)............................................................6

*Miller v. Overholser*
   206 F.2d 415 (D.C. Cir. 1953)......................................................4, 10

*Munaf v. Green*
   553 U.S. 674 (2009)...............................................................4, 6

*Preiser v. Rodriguez*
   411 U.S. 475 (1973)...............................................................5

Authorities upon which we chiefly rely are marked with asterisks.

## TABLE OF AUTHORITIES

*United States v. Mohammad et al.*
   AE-047, Order on Defense Motion to Reconsider Defense Motion to Compel
   Discovery (2014)................................................................8

*United States v. Wilson*
   471 F.2d 1072 (D.C. Cir. 1972).............................................6, 10

**Statutes:**

10 U.S.C. § 948b ........................................................................ 7

10 U.S.C. § 948d ........................................................................ 7

28 U.S.C § 2241............................................................................4

42 U.S.C. § 1983............................................................................5

**Rules:**

Rules for Military Commission (R.M.C.) 908..........................................9

**Miscellaneous:**

Note, Senate Select Committee on Intelligence Torture Report, Committee Study
of the Central Intelligence Agency's Detention and Interrogation Program, 113th
Congress, S. Rep. 113-228 (2014)....................................................12

\*

iii

## I.    Introduction

The Government presents no new law that warrants this Court disregarding its precedent. This Circuit has clearly held that habeas jurisdiction exists over challenges to conditions of confinement. Mr. al Hawsawi has detailed medical injuries resulting from torture that are presently impacting his rights to Due Process and to be free from cruel and unusual punishment, even as he tries to defend himself in a capital case before a military commission. His medical injuries have not been rectified for years now, while he languishes in the custody of the Government that inflicted them. His claim involving the unlawful conditions of his confinement sounds in habeas, and this Court should find jurisdiction.

This Court is Mr. al Hawsawi's only avenue of relief, as he has fully exhausted all other options, having requested help from the prison officials, and from the military judge. The judge explicitly ruled that the military commission was convened only to try alleged offenses under the Military Commissions Act, and that he did not have jurisdiction over medical care.

Contrary to the Government's argument, finding jurisdiction over Mr. al Hawsawi's case will not open a flood gate of petitions in the federal court. Mr. al Hawsawi's case is unique in that the commission specifically ruled it does not have jurisdiction over his medical claims; Mr. al Hawsawi's medical conditions are

2

severe, deteriorating, the product of torture, and are impacting his rights under the
5th, 6th and 8th Amendments.

Mr. al Hawsawi's very real medical claims raising the unlawfulness of his
confinement are not a subterfuge for discovery, as the Government contends. His
request for discovery was submitted to the District Court in the context of raising
his claims. There is nothing unusual about this procedure, and the Court should
not allow the Government's argument to distract from the question of jurisdiction
before it.

Mr. al Hawsawi has raised claims regarding his conditions of confinement
that squarely sound in habeas. This Court should find jurisdiction lies over these
claims, and remand to the District Court for proper review.

## II. Argument

### A. This Circuit's Law Unequivocally Holds that Habeas Jurisdiction Exists Over Challenges to Conditions of Confinement.

The unlawful conditions of confinement Mr. al Hawsawi faces violate his
rights to due process, to be free from cruel and unusual punishment, and to meet
with counsel and assist in his defense. (Pet. at 12-13).

The Government's assertion that Mr. al Hawsawi did not raise a claim of
access to and assistance of counsel is incorrect. (Govt. opp. at 24-25). Mr. al
Hawsawi specifically raised violations of 5th Amendment Due Process, and 8th
Amendment infliction of cruel and unusual punishment, and the fact that these

3

have a direct impact on Mr. al Hawsawi and counsel's ability to represent him. *See* Petition for Writ of Habeas Corpus, *Hawsawi v. Obama*, Dist. Ct. No. 15-cv-1257 (Aug. 3, 2015), at 5, 10-12. Citing decisions that pre-date this Court's ruling in *Aamer*, 742 F.3d 1023 (D.C. Cir. 2014), the Government's answer in effect ignores this Court's precedent. (Govt. Opp. at 15-17). The Court in *Aamer* unquestionably found that the writ applies to conditions of confinement. *Id.* at 1038. By virtue of the Government's nearly 13-year history of causing and then ignoring Mr. al Hawsawi's injuries, the conditions of his confinement are illegal and therefore his detention is illegal. Habeas jurisdiction exists to remedy these violations. *See Aamer*, 742 F.3d at 1036 ("'habeas is at its core a remedy for unlawful executive detention,'" *quoting Munaf v. Geren*, 553 U.S. 674, 693 (2009)); *see also id.* ("the writ extends to those prisoners 'in custody in violation of the Constitution or law or treaties of the United States.'" *quoting* 28 U.S.C. § 2241(c)(3)). As the Government itself notes, quoting *Aamer*, "the purpose of the writ is 'to remedy,' *id.* at 1036, confinement that is 'more burdensome than the law allows, *id.* at 1038 (quoting *Miller v. Overholser*, 206 F.2d 415, 420 (D.C. Cir. 1953))." (Govt. Opp. At 15) Mr. al Hawsawi's imprisonment while he endures ongoing, painful medical injuries sustained at the hands of the Government now trying to preclude review and put him to death, is more burdensome than the law allows. These injuries must

4

be remedied through full disclosure of all medical records and an independent medical examination. (Pet. at 20).

The Government relies on *Preiser v. Rodriguez*, 411 U.S. 475 (1973), to help it advance its argument for restricting the writs' proper scope. (Govt. Opp. at 14). The reliance on *Preiser*, however, ignores the full scope of the Supreme Court's analysis and decision in that case. As the *Aamer* court described, *Preiser* involved what claims state prisoners could bring under the federal civil rights statute, 42 U.S.C. § 1983. *See Aamer*, 742 F.3d at 1032. The Supreme Court ruled that if the prisoners' claims fell within the "heart" or "core" of habeas corpus, they must use the writ to raise those claims. *Id.* This Court in *Aamer* described *Preiser* as "impos[ing] a habeas-channeling rule, not a habeas-*limiting* rule: the [Supreme] Court held only that claims lying at the "core" of the writ must be brought in habeas, and expressly disclaimed any intention of restricting habeas itself." *Id.* (emphasis in original). Thus, the decision in *Preiser* specifically allowed that the right to petition in habeas corpus could encompass the right to challenge conditions of confinement. *See Preiser*, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge... prison conditions.").

Persisting in its attempts to narrow the meaning of the writ, the Government contorts the words of the ruling in *Aamer* in a manner not intended by the Court. (Govt. Opp. at 15-16). The Government's argument must fail because in addition

5

to the clear decision in *Aamer*, the reasoning in *Kiyemba* also demonstrates that the

law of the Circuit supports as a valid use of the writ habeas corpus challenges to

the lawfulness of confinement conditions. *See Kiyemba v. Obama*, 561 F.3d 509

(D.C. Cir 2009). There, this Court reviewed the scope of the Supreme Court's

holding in *Boumediene*. *Id*. at 512. It determined that when the high court

invalidated Section 2241(e)(1) as an unconstitutional exercise of the Suspension

Clause, it did so "with respect to all habeas claims brought by Guantanamo

detainees, not simply with respect to so-called 'core' habeas claims." *Id*. This

reasoning openly acknowledges that the writ extends to more than challenges to

the fact of confinement, the Government's so-called "core" habeas claim.

Contrary to the Government's arguments in its brief therefore, this Circuit has

recognized the broad scope of the writ, even before the ruling in *Aamer*.

    Accordingly, this Court's precedent is clear:

> the law of this circuit—which is consistent with the
> weight of the reasoned precedent in the federal Courts of
> Appeal—compels us to conclude that a prisoner may, in
> a federal habeas corpus petition, 'challenge the
> conditions of his confinement."

*Aamer*, 742 F.3d at 1038, *quoting United States v. Wilson*, 471 F.2d 1072, 1081
(D.C. Cir. 1972).

    As such the district court erred in finding it lacked jurisdiction over Mr. al

Hawsawi's habeas petition, and this Court should reverse that finding.

6

**B.    Mr. al Hawsawi Has Met Any Exhaustion Requirement and He Has No Other Avenue to Remedy His Injuries.**

The Government argues Mr. al Hawsawi has not exhausted his remedies with respect to his claims regarding the unlawfulness of his confinement (Govt. Opp. 12). This argument is not supported by the facts. Mr. al Hawsawi detailed his efforts to obtain relief extensively in his petition. *See* Petitioner's Brief on Appeal (hereinafter "Pet.") at 6-8. Mr. al Hawsawi made every possible effort to obtain relief through administrative requests and legal challenges. Mr. al Hawsawi first made multiple attempts to speak with his treating physicians and obtain medical records, only to have Joint Task Force-Guantanamo (JTF-GTMO) ignore or outright deny his requests. *Id.* After exhausting these administrative options, Mr. al Hawsawi then moved before the military commission for relief from the illegal confinement conditions. In its ruling on that motion, the commission (contrary to what the Government represents to this Court (Govt. Opp., at 1)) unequivocally found that it lacked jurisdiction to address the matters raised:

> This Commission has been established to try alien unprivileged enemy belligerents for violations of offenses triable by military commissions. 10 U.S.C. § 948b. Its jurisdiction is limited to try persons subject to the Military Commissions Act of 2009. 10 U.S.C. § 948d. Thereby, this Commission does not have the authority to address issues concerning medical care.

7

*United States v. Mohammad, et al.,* AE 332C, Order on Defense Motion for
Medical Intervention (March 10, 2015) (Exhibit H to Pet.)

The Government's suggestion that Mr. al Hawsawi should ask the
Commission for re-consideration is not realistic. The Commission has consistently
ruled that it will not entertain motions for reconsideration unless new facts or new
law are presented. *See United States v. Mohammad, et al.,* AE-047, Order on
Defense Motion to Reconsider Defense Motion to Compel Discovery (Oct. 2,
2014).[1] No such basis for re-consideration exists. There are no new facts or law
that would convince the military commission that contrary to its previous ruling, it
does have the authority to address issues concerning Mr. al Hawsawi's medical
condition and care. What does remain the same are the facts that demonstrate that
Mr. al Hawsawi's conditions of confinement violate the 5th and 8th Amendments
and his detention is therefore illegal. *See* Petition for Writ of Habeas Corpus,
*Hawsawi v. Obama,* Dist. Ct. No. 15-1257, at 5, 10-12. Mr. al Hawsawi continues
to suffer on a daily basis because his collapsed colon still protrudes when he
defecates, requiring manual re-insertion, because he has cervicogenic injuries and
severe and chronic headaches that prevent him from sleeping, and because he is

---

[1] In his ruling in AE-047, as well as other rulings on motions for reconsideration,
the military judge determined: "Either party has the right move for reconsideration,
but granting of the request is in the Military Judge's discretion. Generally,
reconsideration should be limited to a change in the facts or law or instances where
the ruling is inconsistent with case law not previously briefed."

8

experiencing blood in his urine.[2] To date, none of these injuries sustained while in U.S. Government custody has been rectified. Mr. al Hawsawi has been denied access to complete medical records chronicling the injuries sustained and the absence of medical care during the three and a half years spent in black sites.

The suggestion that Mr. al Hawsawi should raise his claims in the appellate process devised for military commissions is unavailing. An interlocutory appeal is not available for Mr. al Hawsawi because the Rules for Military Commissions explicitly prohibit the defense from filing interlocutory claims -- although the rule allows the Government to file such claims. *See* R.M.C. 908 (setting out Government's right to file interlocutory appeal, and procedures for Government to follow in this process). Mr. al Hawsawi's medical needs are current, his claims specifically challenge the legality of his conditions of confinement at this time, as they impact his health and his rights. These claims fall squarely within the scope of the writ: they are directly related to Mr. al Hawsawi's confinement conditions – indeed, they could not be more related to those conditions since they arose during his on-going imprisonment in U.S. Government hands. *Aamer*, 742 F.3d at 1033-

---

[2] Beginning in July 2014, test results confirmed the presence of blood (hematuria), protein and bacteria in Mr. al Hawsawi's urine. Urinalyses have only been conducted on an infrequent and sporadic basis, and these tests have consistently identified the presence of blood and the other abnormalities, in his urine. However, no testing has been conducted to diagnose the cause; cancer has not been ruled out. *See* Exh. B to Mr. al Hawsawi's Petition for Writ of Habeas Corpus.

9

35, *citing Miller v. Overholser*, 206 F.2d 415 (D.C. Cir. 1953); *Hudson v. Hardy*, 424 F.2d 854 (D.C. Cir. 1970); *United States v. Wilson*, 471 F.2d 1072.

In an attempt to further its argument that other avenues for remedying Mr. al Hawsawi's medical injuries exist, the Government contends that Mr. al Hawsawi could present evidence of his medical injuries in "extenuation and mitigation." (Govt. Opp. at 5). This contention is no more convincing than the Government's argument about the relief supposedly available to Mr. al Hawsawi in the appellate process. This military commission case with five accused is years away from any sentencing phase the Government expects to see, and the unlawful confinement conditions warranting relief are present now, even as Mr. al Hawsawi seeks to mount his defense in this capital case; these violations cannot afford to wait years to be remedied. *Cf., Al Joudi v. Bush*, 406 F.Supp.2d 13, 20 (D.D.C. 2005)(finding Guantanamo prisoners on hunger strike are vulnerable persons because "they are indeed vulnerable to further physical deterioration, and possibly death, by virtue of their custody status at Guantanamo and weakened physical condition."). Furthermore, the Government has not provided all medical records and it has yet to disclose the full medical records related to Mr. al Hawsawi's torture over a three and a half year period, from 2003 to 2006.[3] Thus, even if a case in extenuation and

---

[3] Furthermore, despite every defense counsel having the proper security clearance and signed the various memoranda the Government has designed to assure it holds its secrets, the Government has yet to disclose to the defense an unredacted copy of

10

mitigation could begin tomorrow, Mr. al Hawsawi could not present to a jury the

evidence the Government so blithely suggests he should offer.[4]  The Government's

suggestion the sentencing process could remedy Mr. al Hawsawi's injuries is not

correct.

### C.    This Court Is Competent to Handle Habeas Claims from Guantanamo Detainees.

The Government seeks to dissuade this Court from finding jurisdiction

through its contention that the sky would fall and the flood gates would burst,

allowing "any military commission defendant" to seek review of commission

rulings, if this Court finds it has jurisdiction over Mr. al Hawsawi's claim.  (Govt.

Opp. at 20).  What this argument ignores is the reality of the paucity of cases

actually implicated, and the uniqueness of Mr. al Hawsawi's case.

There are merely seven active military commission cases, including Mr. al

Hawsawi's case.  *See* http://www.mc.mil/CASES.aspx. Even if every other one of

these accused were to file a habeas claim before the federal court, seven cases

would hardly open the door to a flood of cases, or present a test to the efficiency of

the federal court system.  *See Al Joudi*, 406 F.Supp.2d at 22 (reasoning that the

---

the full Senate Torture Report, let alone the medical records specific to Mr. al
Hawsawi that underlie that Report.

[4] The jury, moreover, would not have the authority to order a remedy for Mr. al
Hawsawi's injuries.

11

prospect of 24 hunger-striking detainees requiring the court's attention did not present a substantial logistical burden.).  Furthermore, Mr. al Hawsawi's case is unique: no other military judge has ruled that the military commissions lack jurisdiction over a claim to remedy medical injuries sustained in documented torture.  On information and belief, none of these other cases involves the medical injuries that Mr. al Hawsawi is experiencing, with a collapsed colon he must reinsert after every bowel movement, leaving him reluctant to eat.  (Pet. at 4-5).  And, moreover, Mr. al Hawsawi's injuries, specifically, are impacting his right to due process as they are affecting his ability to sit for extended periods, such as during attorney meetings and court sessions -- and thus his injuries, his conditions of confinement, implicate his ability to assist in his defense.  (Pet. at 5; Pet., Exh. B).  These long-standing injuries that are directly affecting Mr. al Hawsawi's exercise of his constitutional rights are within the sole control of the Government to monitor medically, and are the very real product of the Government's own torture of him.  (Pet. at 16), *citing* Senate Select Committee on Intelligence Torture Report, Committee Study of the Central Intelligence Agency's Detention and Interrogation Program, 113th Congress, S. Rep. 113-228 (2014) (hereinafter, Torture Report), at 100, note 584.  These injuries are the direct result of his conditions of confinement and remain unrectified: therefore claims seeking to remedy these injuries properly sound in habeas. *Aamer*, 742 F.3d at 1038.

Without judicial oversight through the exercise of the writ, there is no check whatsoever on the Government's handling of Mr. al Hawsawi's torture injuries,[5] and he will continue to endure the violation of his right to lawful confinement. Without judicial oversight, the Government is free to avoid rectifying the injuries it caused; free to pursue a trial against Mr. al Hawsawi while imprisoning him in unlawful conditions; free to withhold the evidence of torture by promoting a course of disregard and obfuscation; and free to continue, in Mr. al Hawsawi's death, to seek the ultimate goal of concealment.

**D.    Discovery in the Context of Habeas is Neither New or Unusual.**

The government alleges that Mr. al Hawsawi's petition is a discovery request in disguise, rather than a habeas petition. To be clear, Mr. al Hawsawi's challenge of his conditions of detention contains a contemporaneous request for medical records necessary to provide further support and substantiate the unlawfulness of Mr. al Hawsawi's conditions of confinement. There is nothing surreptitious about this. It is, in fact, quite proper. Discovery in the context of a habeas claim is entirely appropriate (Pet. at 15), and the Government's assertion that a discovery request must be submitted only after a habeas petition is filed

---

[5] The question whether the Government (Govt. Opp. at 17) may be affording Mr. al Hawsawi some medical attention is not before this Court. Mr. al Hawsawi's claims involve the unlawful conditions of his confinement, and the question before this Court is one of jurisdiction. The adequacy or substance of medical attention directed at Mr. al Hawsawi is irrelevant at this stage, and a matter for a district court to investigate with a finding of jurisdiction over Mr. al Hawsawi's claims.

13

lacks merit. *See Harris v. Nelson*, 394 U.S. 286 (1969) (where allegations before the court state a colorable habeas claim, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."). The Government cites no authority for its contention that there must be "pre-existing" jurisdiction over a habeas claim, in order for a discovery request to be permissible (Govt. Opp. at 21), because there is no such authority. Indeed, submission of a discovery request with a habeas petition is common practice. *See Al Odah v. United States*, 329 F. Supp.2d 106, 107 (D.D.C. 2004)(emphasizing that, looking at discovery procedures for a habeas claim, the *Harris* court "held that a district court may institute these discovery-type procedures '*at any time in the proceedings*...either on its own motion or upon cause shown by petitioner.'") (emphasis added).

Here, Mr. al Hawsawi's request for medical records dating from his three and a half years of imprisonment in secret sites where the U.S. Government tortured him remains unsatisfied. The Government incorrectly reports that it "has granted defense counsel access to all of Al-Hawsawi's medical records – present and future...Al-Hawsawi's counsel has been provided all medical records through August 2015." (Govt. Opp. at 7, fn. 1). In fact, Mr. al Hawsawi has not received all medical records: among others, he does not have complete medical records from the critical period during which he sustained his present injuries, namely, records from March 2003 to September 2006 when he was rendered, interrogated

14

and tortured in black sites. His request for these records is far from moot, as the

Government asserts to this Court. *Id.* And, as he showed in his initial petition, Mr.

al Hawsawi's request for discovery is made in the context of a proper claim for

habeas relief, challenging his conditions of confinement. (Pet. at 10-12, 15);

*Aamer*, 742 F.3d at 1038. His challenge to those conditions arises from his present

injuries, which he experienced since being imprisoned by the United States.

Despite the patent relevance of medical records that would describe Mr. al

Hawsawi's physical condition at the time he was tortured and the mechanisms by

which he sustained these injuries, the Government complains that Mr. al Hawsawi

makes a discovery request at all. (Govt. Opp. at 20). In any event, regardless of

the Government's contentions regarding discovery rights, the propriety of Mr. al

Hawsawi's discovery request is of no consequence to the determination this Court

must make here, which solely involves the question of jurisdiction; the Court

should not allow the Government to distract with its collateral arguments.

## III. Conclusion

Habeas jurisdiction exists over Mr. al Hawsawi's claims regarding his on-

going unlawful conditions of confinement. He has exhausted all avenues for relief,

and this Court is the only recourse to rectify the continued neglect of his painful

medical injuries that are the product of torture, and that are affecting his rights as

he defends himself in a capital case. The unlawful conditions of Mr. al Hawsawi's

15

confinement violate 5th Amendment Due Process, the 8th Amendment prohibition

on cruel and unusual punishment, and the 6th Amendment. Based on clear Circuit

precedent, this Court should find that jurisdiction exists over Mr. al Hawsawi's

claims.

WALTER B. RUIZ
Learned Defense Counsel for
Mr. al Hawsawi

SUZANNE M. LACHELIER
Detailed Civilian Defense Counsel for
Mr. al Hawsawi

UNCLASSIFIED//FOR PUBLIC RELEASE